UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

AHMAD FOSTER, )
 )
       Petitioner, )
v. ) No. 1:08-cv-004-DFH-JMS
 )
STANLEY KNIGHT, Superintendent, )
 )
       Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Ahmad Foster ("Foster") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

    1.    "A SIM card is a 'Subscriber Identity Module' which can be removed from one mobile phone and inserted in another thus changing the phone's identity." *Muhammad v. Reynolds*, 2007 WL 2156624, at *3 (D.S.C. 2007).

    2.    At present and at the times pertinent to the events in this case Foster was an inmate at the Pendleton Correctional Facility ("PCF"), an Indiana prison.

    3.    William Foster is Foster's brother, and on the morning of May 29, 2007, brought a SIM card into the PCF. William Foster had driven to the PCF to visit Foster and carried the SIM card into the institution wrapped in black tape. A SIM card within the PCF is a prohibited item and hence is contraband. The SIM card was discovered by PCF personnel and based on these circumstances Foster was charged in a disciplinary proceeding identified as No. ISR 07-05-426 with having violated prison rules of conduct by attempting trafficking.

    3.    After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on June 22, 2007, Foster was found guilty of the misconduct with which he had been charged. He was sanctioned, in part, with the deprivation of a period of earned good-time, his administrative appeals were rejected, and this action followed.

## Foster's Claims

Contending that the proceeding described above is tainted by constitutional error, Foster seeks a writ of habeas corpus. His specific contentions are that: 1) the conduct board refused to consider his defense; 2) he was not permitted to "present exculpatory documents in prison officials' possession"; and 3) there was insufficient evidence to support his disciplinary conviction.

## Discussion

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In addition, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal of each claim which is later asserted in a federal habeas petition, constitutes a procedural default. If confronted with this argument, Foster could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Foster received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Foster was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

Foster's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

> ! Foster contends that the conduct board refused to consider his defense. This claim rests on the fact that his statement concerning the charge is noted in one portion of the conduct board's report, but is not mentioned in a second

portion of that form where the conduct board notes the evidence relied on in reaching its decision. Foster's claim that his defense was not considered is flawed for two reasons. *First,* the respondent argues, plausibly, that the second portion of the conduct board's form lists only the evidence found credible, and that because Foster's statement was not found credible it was not "relied on" by the conduct board in reaching its decision. Foster does not show that this understanding of the report form is incorrect. Indeed, if the second portion of the form had no purpose separate from listing all the evidence submitted, there would be no reason for the second portion of the form at all. *Second,* the review afforded by the Superintendent's designee at the first level of Foster's administrative appeal was particularly detailed and covered every aspect of Foster's concerns about the evidence. Thus, any oversight by the conduct board was cured in the course of Foster's administrative appeal.

! Foster's second claim is that he was not permitted to "present exculpatory documents in prison officials' possession." On May 31, 2007, during screening, Foster indicated that he did not wish to call any witnesses, and that he did not desire any physical evidence. He disputes this, but offers no evidence to substantiate his position. Even if he properly requested witnesses, moreover, and even if prison authorities denied that request, Foster has not shown how the outcome of the proceeding would be different. Again, the detailed response at the first level of his administrative appeal addresses all the evidence which was presented and the information Foster contends could have been presented.

! Foster complains that there was insufficient evidence to support the conduct board's decision. As established in *Hill*, the constitutional standard for sufficient evidence in a proceeding such as Foster challenges here is that the conduct board's decision be supported by "some evidence." This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The evidence recited above was ample to support a reasonable adjudicator's finding that he was guilty of the infraction charged. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). His brother's presence at the prison for the purpose of visiting Foster is undisputed. His brother's possession of the SIM card is undisputed. The condition of the contraband–wrapped in black tape–is undisputed. The nature of the SIM card as contraband is undisputed. These circumstances adequately support the conclusion of a reasonable adjudicator that Foster's brother was attempting to deliver the SIM card to Foster during the visit. The evidence was constitutionally sufficient.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Foster to the relief he seeks. Accordingly, Foster's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   6/25/2008